POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (917) 463-1044
jpafiti@pomlaw.com

*Counsel for Movant Evan Weisz and*
*Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SÉBASTIEN MESLAGE, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MATCH GROUP, INC., BERNARD KIM, and GARY SWIDLER,<br><br>    Defendants. | Case No. 2:24-cv-10153-MEMF-PVC<br><br>**NOTICE OF NON-OPPOSITION TO MOTION OF EVAN WEISZ FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>DATE:  June 5, 2025<br>TIME:  10:00 a.m.<br>JUDGE:  Ewusi-Mensah Frimpong<br>CTRM:  8B |

TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD

As set forth below, Lead Plaintiff Movant Weisz[1] hereby respectfully advises the Court that no party opposes his motion, pursuant to the PSLRA, for an Order appointing Weisz as Lead Plaintiff and approving his selection of Pomerantz as Lead Counsel for the Class (the "Lead Plaintiff Motion") (Dkt. No. 18).

This Action is a putative securities class action governed by the PSLRA, including the statutory provisions governing the appointment of a Lead Plaintiff.  The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff.  *Id.* § 78u-4(a)(3)(B)(i).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

---

[1] All capitalized terms herein are defined in Weisz's moving brief, unless otherwise indicated. *See* Dkt. No. 18-1.

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

This Action was commenced by putative Class member Sébastien Meslage ("Meslage") on November 25, 2024.  *See* Dkt. No. 1.  That same day, Meslage's counsel caused the statutorily required Notice to be published via *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action lawsuit had been filed on behalf of Match Group investors, and advising investors in Match Group securities that they had until January 24, 2025—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff (the "Lead Plaintiff Motion Deadline").  *See* Dkt. No. 18-4.  Publication of the Notice within 20 days of the commencement of this Action, containing the statutorily required information, thus satisfied the PSLRA's notice requirement provisions.

Moreover, a review undertaken by Weisz's counsel found that, throughout the statutorily prescribed 60-day notice period, no fewer than 14 additional law firms published multiple notices advising investors of the Lead Plaintiff Motion Deadline on widely circulated national business-oriented wire services including, *inter alia*, *Business Wire*, *Globe Newswire*, and *PRNewswire*.  *See generally* Declaration of Thomas H. Przybylowski in Support of Motion ("Przybylowski Decl."), Exhibits ("Exs") A-N.  It thus

cannot reasonably be disputed that putative Class members received ample notice of the pendency of this Action and the opportunity to seek appointment as Lead Plaintiff.

Confirming the sufficiency of such notice to alert putative Class members to their rights, three Match Group investors moved this Court for appointment as Lead Plaintiff on the January 24, 2025 motion deadline: (1) Weisz, having incurred a loss of approximately $680,718 in connection with the fraud alleged in the Action (Dkt. No. 18-3); (2) Divitiae Creatio Pty Ltd. ("Divitiae"), claiming an investment loss of approximately $51,935 (Dkt. No. 11); and (3) Meslage (the initial plaintiff), claiming an investment loss of approximately $67 (Dkt. No. 15).

Having timely filed motions and/or complaints, Weisz, Divitiae, and Meslage each satisfied the first of the three statutory criteria to secure the PSLRA's rebuttable "most adequate plaintiff" presumption. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

With respect to the second statutory criterion—having "the largest financial interest in the relief sought by the class" (*see id.* § 78u-4(a)(3)(B)(iii)(I)(bb))—courts routinely assess "financial interest" in terms of the investment losses incurred by timely lead plaintiff applicants. *See, e.g., Lin v. TMC the Metals Co.*, No. CV 24-9684 PA (AJRx), 2025 WL 882229, at *3 (C.D. Cal. Feb. 04, 2025) ("The PSLRA provides a rebuttable presumption that the person or group of persons *who filed the complaint or a timely motion*, and has the largest financial interest in the relief sought by the class is the plaintiff 'most adequately' situated to represent the class as lead plaintiff, provided this person or

group of persons otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.") (internal citation omitted) (emphasis added); *Real v. Yuga Labs, Inc.*, No. CV 22-8909 FMO (PLAx), 2023 WL 8000329, at *2 (C.D. Cal. July 11, 2023) (noting that courts are required to "adopt a presumption that the most adequate plaintiff in any private action ... is the person or group of persons that – (aa) ***has either filed the complaint or made a motion in response to a notice [not later than 60 days after the date on which the notice is published]***; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure") (internal quotation omitted) (emphasis added). Here, as set forth above, Weisz's investment loss of $680,718 is significantly larger than the losses claimed by either Divitiae ($51,935) or Meslage ($67). Of the three applicants, then, Weisz has alleged the "largest financial interest" and was thus the only applicant to satisfy both the first ***and*** the second of the PSLRA's "most adequate plaintiff" criteria. Indeed, both competing movants subsequently conceded that they did not satisfy the "largest financial interest" criterion. On January 31, 2025, Divitiae filed a notice stating his non-opposition to the competing motions, acknowledging that "[b]ased on a review of the competing motions and supporting papers provided by the other movants seeking appointment as lead plaintiff, it appears that . . . [Divitiae] does not possess the 'largest financial interest in the relief sought by the class'". Dkt. No. 23 at 2. On February 7, 2025, Meslage filed a notice of withdrawal of his own motion, likewise acknowledging

that "[h]aving reviewed the competing motions filed in the action, [Meslage] does not appear to have the largest financial interest."  Dkt. No. 24 at 1.

Regarding the third criteria—"otherwise satisfy[ing] the requirements of Rule 23 of the Federal Rules of Civil Procedure" (*see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc))—the inquiry at this stage of the litigation is whether a movant has made a *prima facie* showing that he or she is adequate and typical within the meaning of Rule 23.  *See*, *e.g.*, *Arias v. Bird Glob., Inc.*, No. 2:22-cv-08406-ODW (AGRx), 2023 WL 3814040, at *7 (C.D. Cal. June 02, 2023) ("'At the lead plaintiff stage of the litigation, the party moving for lead plaintiff [. . .] need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.'") (quoting *Vignola v. FAT Brands, Inc.*, No. 2:18-cv-07469-PSG (PLAx), 2018 WL 6356109, at *3 (C.D. Cal. Nov. 16, 2018)); *Pino v. Cardone Capital, LLC*, No. 2:20-cv-08499-JFW (KSx), 2020 WL 7585839, at *3 (C.D. Cal. Dec. 18, 2020) ("Under the PSLRA, the Court at this stage focuses its inquiry on Rule 23's adequacy and typicality requirements. [. . .] A movant need only make a 'preliminary showing' that the adequacy and typicality requirements are met.") (internal citations and quotations omitted).  Here, Weisz's motion papers made the requisite *prima facie* showings of adequacy and typicality: Weisz is adequate as there is no evidence of antagonism or conflict between his interests and those of the Class, his significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation, and, in Pomerantz, Weisz has retained counsel highly experienced in vigorously and efficiently

prosecuting securities class actions; further, Weisz's claims are typical of those of the Class because they are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See* Dkt. No. 18-1 at 10-13.

Significantly, no movant has contested Weisz's adequacy or typicality under Rule 23. After reviewing Weisz's motion papers, if either Divitiae or Meslage had found that Weisz's showings on these points had fallen short of the requisite *prima facie* standard, they would have had a basis to file an opposition to Weisz's Lead Plaintiff Motion on or before the May 15, 2025 deadline (calendared pursuant to this Court's Order (Dkt. No. 19) and Civil L.R. 7-9). Neither chose to do so, and indeed voluntarily abandoned their own motions instead.

Accordingly, by virtue of (1) timely seeking appointment as Lead Plaintiff on the statutory motion deadline, (2) claiming the "largest financial interest" in this litigation among the three timely lead plaintiff applicants, and (3) making an uncontested *prima facie* showing of his adequacy and typicality under Rule 23, Weisz is plainly entitled to the PSLRA's presumption that he is the "most adequate plaintiff" of the Class—*i.e.*, the presumptive Lead Plaintiff of the Class—in this Action. 15 U.S.C. § 78u-4(a)(3)(B)(i).

The "most adequate plaintiff" presumption in Weisz's favor can be rebutted upon proof by a class member that the presumptive Lead Plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-

4(a)(3)(B)(iii)(II).  Accordingly, even if Divitiae or Meslage found that Weisz had made the requisite showing to secure the statutory presumption, they might still have opposed Weisz's motion by adducing proof that he was ineligible for appointment for one of the foregoing reasons.  Again, however, neither Divitiae nor Meslage apparently saw any basis to make such arguments, as both competing movants abandoned their own motions after reviewing Weisz's, rather than filing any opposition.

In sum, then, the Class has received ample notice of the pendency of this Action and the opportunity to move the Court for appointment as Lead Plaintiff, as evidenced by the numerous press releases issued during the 60-day statutory notice period (*see* Przybylowski Decl. Exs. A-N) and the fact that three movants ultimately filed such motions (*see* Dkt. Nos. 11; 15; 18).  Of these three movants, only Weisz satisfied all three of the PSLRA's criteria to secure the presumption that he is the "most adequate plaintiff"—*i.e.*, that presumptive Lead Plaintiff—in this Action.  Any opposition to Weisz's motion on *any* basis—either by disputing that he qualified as the presumptive "most adequate plaintiff" *or* by attempting to rebut the presumption in his favor—was due to be filed on May 15, 2025.  No movant filed any such opposition.

Accordingly for the foregoing reasons, and for the reasons set forth in Weisz's moving brief (Dkt. No. 18-1), Weisz respectfully requests that the Court enter an Order: (1) appointing Weisz as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated:  May 30, 2025

Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (917) 463-1044
jpafiti@pomlaw.com

POMERANTZ LLP
Thomas H. Przybylowski (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com

*Counsel for Movant Evan Weisz and Proposed Lead Counsel for the Class*

NEMATZADEH PLLC
Justin S. Nematzadeh, Esq. (*pro hac vice*)
101 Avenue of the Americas, Suite 909
New York, NY 10013
Telephone: (646) 799-6729
Jsn@nematlawyers.com

*Additional Counsel*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 30, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti