UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN MESLAGE, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br>     v.<br><br>MATCH GROUP, INC., BERNARD KIM, and GARY SWIDLER,<br><br>               Defendants. | Case No.: 2:24-cv-10153-MEMF-PVC<br><br>**ORDER APPOINTING PRESUMPTIVE LEAD PLAINTIFF (ECF NO. 18)** |

Before the Court is the Motion for Appointment as Lead Plaintiff and Approval of Counsel filed by Movant Evan Weisz. ECF No. 18. For the reasons discussed below, the Court appoints Weisz as the presumptive lead plaintiff but holds the final appointment in abeyance.

/ / /

/ / /

1

## I.    Background

### A.  Factual Background[1]

This action is brought on behalf of all persons or entities who purchased or otherwise acquired publicly traded securities from Defendant Match Group, Inc. ("Match Group") between May 2, 2023, and November 6, 2024 (the "Class Period"). Compl. ¶ 1. Match Group owns a portfolio of brands, and relevant to this action, the Tinder application ("Tinder"). *Id.* ¶¶ 7–8. After instituting policies which led to the removal of at least two million Tinder users, Match Group assured the market through a number of statements that it was on a path to growth in its number of monthly active users ("MAU"), when in fact it was not. *Id.* ¶ 8.

### B.  Procedural History

On November 25, 2024, Sebastian Meslage filed a Class Action Complaint for Violations of the Federal Securities Laws against Match Group and Individual Defendants Bernard Kim and Gary Swidler. *See* Compl. On January 24, 2025, three movants filed Motions for Appointment of Counsel and Lead Plaintiff: Divitiae Creatio Pty Ltd. ("Divitiae") (ECF No. 11), Meslage (ECF No. 15), and Weisz (ECF No. 18, the "Motion"). Subsequently, Meslage and Divitiae withdrew their respective motions (ECF Nos. 24, 26) leaving only Weisz's Motion at issue.[2] On May 30, 2025, Weisz filed a notice of non-opposition from any other class member. ECF No. 31. The Court held a hearing on the matter on June 5, 2025.

## II.    Applicable Law

In 1995, Congress enacted the Private Securities Litigation Reform Act ("PSLRA"), which established the procedures for filing class action suits under the Securities and Exchange Act of 1934. *See* 15 U.S.C. § 78u-4. The Ninth Circuit has outlined the "simple three-step process for identifying the lead plaintiff pursuant" to the PSLRA. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the plaintiff that files an action under the PSLRA must provide notice of the "pendency of the action, the claims made and the purported class period" in a "widely circulated national

---

[1] The following factual allegations are derived from the allegations in Plaintiff's Complaint, ECF No. 1 ("Compl."), except where otherwise indicated. The Court makes no finding on the truth of these allegations and includes them only as background.

[2] Divitiae also filed a notice of non-opposition. ECF No. 23.

business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(A); *In re Cavanaugh*, 306 F.3d at 729. The notice must also inform purported class members that they may move the court to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). Next, the court must determine which plaintiff "has the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see In re Cavanaugh*, 306 F.3d at 730. "Once . . . [the court] determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *Id.* at 732. The third step "is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730 (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)).

### III.   Discussion

As the Court explains below, the Court finds that Weisz has shown that he has the largest financial interest in the relief sought by the class and satisfies Rule 23 of the Federal Rules of Civil Procedure. The Court therefore declares Weisz as the presumptive lead plaintiff, but will allow other possible plaintiffs a chance to rebut the presumption. *See In re Cavanaugh*, 306 F.3d at 730 (after determining the presumptive lead plaintiff, the court must "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing").

#### A.   Weisz Satisfies the PSLRA's Requirements.

The Court finds that, under 15 U.S.C. § 78u-4, Weisz is presumed the most adequate plaintiff because he (1) timely filed his Motion in response to the issued notice, (2) appears to have the largest financial interest in the relief sought by the class, and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

First, on November 25, 2024, the Rosen Law Firm (counsel for Meslage) published a notice pursuant to 15 U.S.C. § 78u-4(a)(3)(A) in *Business Wire*.[3] The notice included information

---

[3] According to its website, Business Wire has distributed news to major news media for over sixty years. *About Business Wire*, Business Wire, https://www.businesswire.com/about (last visited May 23, 2025). As such, it appears that *Business Wire* is a "widely circulated national business-oriented publication[.]" *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

concerning the claims at stake, the purported class period, and how to join the class action, as well as gave notice that if a party wishes to serve as lead plaintiff, the lead plaintiff must move the court by January 24, 2025. ECF No. 18-2 ("Pafiti Decl."), Ex. B (the "Notice"). The Notice therefore satisfied the requirements of the PSLRA, and Weisz timely filed this Motion. 15 U.S.C. § 78u-4(a)(3)(A).

Second, Weisz appears to have the largest financial interest based upon factors commonly considered by courts. *See Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. Oct. 6, 2015) ("District courts have typically considered the 'Olsten-Lax' factors to determine who has the largest interest: '(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate loss suffered.'"). During the relevant period, Weisz represents that he purchased 515,190 shares of Match Group stock and 265 Match Group options contracts, expended $21,969,179 on these purchases, and incurred losses of approximately $680,718. Motion at 9; Pafiti Decl., Ex. A. Based on the record before the Court,[4] Weisz has the largest financial interest in relief sought by the class.

Third, Weisz has satisfied the requirements of Rule 23(a) of the Federal Rules of Civil Procedure. Under Rule 23(a), a party may serve as a class representative if the following requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).[5]

---

[4] The Court notes that unless a putative class member steps forward to disclose their financial interest, there is no practical method by which it can determine what any putative class member's financial interest in the action is. Therefore, although the PSLRA asks the Court to determine who the putative class member is with the largest financial interest in the action and does not limit this finding to just movants by its explicit language, the Court is limited in its ability to make this determination by the information offered by class members, and the movants themselves are limited in their ability to state they have the largest financial interest by the information offered by other movants or putative plaintiffs (*i.e.*, plaintiffs who do not move for appointment but otherwise disclose their stake to counsel).

[5] Courts have found, based on the Ninth Circuit's analysis in *In re Cavanaugh*, that an in-depth analysis of Rule 23's requirements is unnecessary at this stage, as the focus of the district court's inquiry is on the typicality and adequacy prongs. *See Lloyd v. CVB Fin. Corp.*, CV 10-06256 MMM, 2011 WL 13128303, at

The Court will analyze typicality and commonality together, as these requirements "tend to merge." *General Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.3 (1982). Typicality examines whether the claims and defenses of the class representative are typical of the claims and defenses of the class—that is, whether the class representatives "possess the same interest and suffer the same injury as the class members." *Id.* at 156 (internal quotation marks omitted). Commonality requires "a plaintiff to show that 'there are questions of law or fact common to the class,'" such that the issues are "capable of classwide resolution . . . ." *Wal-mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011). Here, the claims of the purported class, including Weisz, stem from the same alleged conduct—Defendants' false or misleading statements regarding Match Group. Motion at 11. Whether Defendants' statements violated the Exchange Act will be a question to be resolved uniformly across the entire class—that is, a finding concerning the false or misleading nature of the statements at issue will resolve a central issue for each purported class member's claim.

Finally, a moving party seeking class certification must show that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A named plaintiff satisfies the adequacy test if he or she has no conflicts of interest with other class members and if the named plaintiff will prosecute the action vigorously on behalf of the class. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). Adequacy also turns on the qualifications of counsel for the representatives. *Local Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001). Here, there is nothing before the Court to suggest that Weisz has a conflict of interest with other purported class members or will not vigorously prosecute the action on behalf of the class. Moreover, Weisz has retained Pomerantz LLP ("Pomerantz"). Pomerantz's practice focuses on "protect[ing], expand[ing], and vindicate[ing]

---

*5 (C.D. Cal. Jan. 21, 2011) (stating that the Rule 23 inquiry focuses on typicality and adequacy at the appointment stage); *Richardson v. TVIA, Inc.*, C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) ("The typicality and adequacy requirements of Rule 23 are the main focus of this determination."). As such, the Court need not address numerosity, although it would appear to be met based on the allegations of the Complaint. Compl. ¶ 45 (alleging a belief that "there are hundreds, if not thousands of members in the proposed Class").

shareholder rights," and Pomerantz has brought numerous securities class actions as well as secured significant recoveries. Pafiti Decl., Ex. E.

For the foregoing reasons, the Court finds that Weisz is the presumptive lead plaintiff. As the Court explained above, the Court must "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *In re Cavanaugh*, 306 F.3d at 730. Having determined that Weisz is the presumptive lead plaintiff, the Court now holds the Motion in abeyance so that it can provide other putative class members a window within which they may challenge Weisz's showing that he satisfies Rule 23's typicality and adequacy requirements.

## IV.    Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1.  Pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court finds that Weisz is the presumptive lead plaintiff in this action. This is not a final determination that Weisz shall be lead plaintiff, as others shall have an opportunity to challenge this presumption as described below;

2.  Any possible plaintiff may file, within thirty (30) days of the date of the notice described in paragraph 3 below, a motion challenging Weisz's status as presumptive lead plaintiff;

3.  Counsel for Weisz is ORDERED to publish, in accordance with the statutory requirements, an updated Notice regarding this litigation, which shall include the following (along with other information included in the previous Notice):

    a.  The fact that the Court has found Weisz to be the presumptive lead plaintiff;

    b.  The 30-day deadline (from the date of the Notice) for any challenge to this finding;

4.  Within five (5) days of the date of the Notice, counsel shall file a sworn declaration attesting that the Notice described above was made and that it was published in compliance with the statutory requirements;

5.  Weisz's Motion (ECF No. 18) shall be held in abeyance pending the Court's review of any other submissions made in the 30-day deadline described above; and

/ / /

6. Upon passage of the 30-day deadline, Weisz may file a Status Report advising the Court whether any challenges have been filed and seek expedited ruling on the Motion.

IT IS SO ORDERED.

Dated: June 5, 2025

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

7